# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | MARVIN E. ASPEN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7222 | **DATE** | January 30, 2008 |
| **CASE TITLE** | Ronald Anthony Levi (B-58287) v. State of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

The court denies plaintiff's motion for leave to file *in forma pauperis* [3] without prejudice to reconsideration should he renew his motion in compliance with this order. Plaintiff is given 30 days from the date of this order either to file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) or to pay the full $350 filing fee. If plaintiff takes no action by that date, the court will dismiss this action without prejudice. The clerk is directed to send plaintiff an *in forma pauperis* application along with a copy of this order. Plaintiff's motion for appointment of counsel [4] is denied.

■ [For further details see text below.]                                                                  Docketing to mail notices.

## STATEMENT

The clerk has accepted this *pro se* civil rights complaint for docketing pursuant to Fed. R. Civ. P. 5(e) even though it was not submitted in compliance with the rules of this court. N.D. Ill. Local Rule 3.3 requires that persons lodging new lawsuits must either pay the statutory filing fee or file a petition for leave to proceed *in forma pauperis,* using the court's form and signing under penalty of perjury. The form requires inmates to obtain a certificate stating the amount of money they have on deposit in their trust fund account. Although plaintiff is a sexually violent person detained at a Department of Human Services facility and not a prisoner, he has a trust fund account at the facility. However, plaintiff neither had an official at the DHS facility certify the amount of money he has in his trust fund account nor provided a certified copy of his trust fund account statement. If plaintiff wants to proceed on his complaint, he must file a new motion for leave to file *in forma pauperis* on the court's form and have an authorized official provide information regarding plaintiff's trust fund account, including a copy of his trust fund account. Plaintiff must also write the case number in the space provided for it. Failure to complete the required form fully or otherwise comply with this order are grounds for dismissal of the suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).

The court denies plaintiff's motion for appointment of counsel without prejudice for failure to make a showing that he "has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992).

| | Courtroom Deputy Initials: | CLH |
|---|---|---|