# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | MARVIN E. ASPEN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7222 | **DATE** | April 7, 2008 |
| **CASE TITLE** | Ronald Anthony Levi (B-58287) v. State of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [11] is denied. On 3/11/08, the Court ordered Plaintiff to submit a fully-completed *in forma pauperis* application. Plaintiff has failed to comply with this order. Accordingly, this action is dismissed with prejudice pursuant to Fed.R.Civ.P. 41(b). Any other pending motions are denied as moot.

*/s/ Marvin E. Aspen*

■ [For further details see text below.]　　　　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　　Plaintiff Ronald A. Levi, currently a resident at the Department of Human Services in Rushville, seeks leave to file his complaint *in forma pauperis.* On January 30, 2008, the Court denied Plaintiff's motion for leave to file *in forma pauperis* without prejudice to reconsideration should he renew his motion in compliance with the order. The Court explained that N.D. Ill. Local Rule 3.3 required that persons lodging new lawsuits either must pay the statutory filing fee or file a petition for leave to proceed *in forma pauperis,* using the court's form and signing under penalty of perjury. This form requires inmates to obtain a certificate stating the amount of money they have on deposit in their trust fund account. The Court stressed that although Plaintiff is a sexually violent person detained at a DHS facility and not a prisoner, he has a trust fund account at the facility and should have the certificate completed by an official at the DHS facility and provide a certified copy of his trust fund account statement.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

Plaintiff filed a letter on March 3, 2008, which the Court construed as a motion for extension of time and granted it. The day after granting the motion, the Court received Plaintiff's *in forma pauperis* application. Once again, Plaintiff did not obtain a certificate stating the amount of money he has on deposit in his trust fund account nor provide a certified copy of his trust fund account statement. Plaintiff checked off that he was not incarcerated but was a civil detainee SVP  As the Court explained in its January 30, 2008, order, Plaintiff has a trust fund account at his facility and must provide this information to the Court so it can determine if Plaintiff may be permitted to proceed *in forma pauperis.* The Court then gave Plaintiff another opportunity to file a new motion for leave to file *in forma pauperis* on the court's form and have an authorized official provide information regarding Plaintiff's trust fund account, including a copy of his trust fund account. The Court emphasized that failure to complete the required form fully or otherwise comply with this order were grounds for dismissal of the suit, *see Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980), and that such dismissal would be with prejudice.

On March 25, 2008, Plaintiff filed his third application for leave to file *in forma pauperis.* Once again, Plaintiff has not had an authorized official at Rushville DHS provide information regarding his trust fund account or provided a copy of his trust fund account. Plaintiff was warned that failure to comply with the Court's order would result in dismissal of this action with prejudice. Plaintiff has made no effort to follow the Court's directive and appears to contend that because he is a civil detainee he should not have to provide this information to the Court. The Court has explained twice that this information is needed in order for the Court to determine if Plaintiff qualifies for *in forma pauperis* status. Such refusal to comply with the Court's orders warrants dismissal of this action with prejudice.

The Court accordingly denies Plaintiff's motion for leave to proceed *in forma pauperis* and dismisses this action with prejudice.