# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | MARVIN E. ASPEN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7222 (Appeal No. 08-2296) | **DATE** | July 28, 2008 |
| **CASE TITLE** | Ronald Anthony Levi (B-58287) v. State of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to appeal *in forma pauperis* [21] is denied. The Court certifies that the appeal is not taken in good faith and orders Plaintiff to pay the appellate fees of $455 within 14 days or the Court of Appeals may dismiss his appeal for want of prosecution. The Clerk is directed to send a copy of this order to the trust fund officer at Rushville - DHS and the PLRA Attorney, U.S. Court of Appeals.

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT

    Plaintiff Ronald Levi has filed a Notice of Appeal from the judgment entered on April 8, 2008, and seeks leave to proceed *in forma pauperis*. The Court dismissed this action because Plaintiff failed to provide information about his trust fund account, despite being given several opportunities to do so. After the case was dismissed, Plaintiff wrote several letters explaining the difficulties he had encountered in obtaining this information from officials at the Rushville facility. Although these letters could be broadly construed as motions to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e), the Court finds that granting such relief would not avail Plaintiff because his complaint failed to state a claim in the first place.

    In his complaint, Plaintiff, who is currently a civil detainee confined pursuant to the Sexually Violent Persons Commitment Act (SVPCA), challenged the constitutionality of the SVPCA, claiming it violated both equal protection and his due process rights. He sought money damages. Plaintiff, however, may not claim in a civil rights action that the SVPCA, either on its face or as applied to him, is unconstitutional. Although Plaintiff has standing to raise such claims, the fact that his particularized, redressable injury is his confinement itself means that a federal court may address his claims only in a petition for a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because Plaintiff is in custody pursuant to the judgment of a state court, he may seek habeas corpus relief only in the manner Congress has prescribed in 28 U.S.C. § 2254, including the requirement of exhaustion of state-court remedies.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

  Plaintiff's complaint accordingly failed to state a claim and was dismissable pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), even if Plaintiff had timely complied with the Court's orders regarding his trust fund account. The Court therefore finds that this action does not raise a substantial issue meriting appellate review. As Plaintiff has raised none in his motion for leave to appeal *in forma pauperis*, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith and that no appeal should be taken. Moreover, Plaintiff's Notice of Appeal is untimely because he filed it on May 21, 2008, more than 30 days after judgment was entered on April 8, 2008. *See* Fed. R. App. P. 4(a)(1)(A).

  The Seventh Circuit Court of Appeals has determined that if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal *in forma pauperis* but rather must pay the appellate fees in full for the appeal to go forward. Consequently, Plaintiff must pay the full $455 within 14 days or the Court of Appeals may dismiss his appeal for want of prosecution. *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). If Plaintiff wishes to contest this Court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this Court's certification within 30 days after service of this order. *See* Fed. R. App. P. 24(a).

  In sum, Plaintiff's motion for leave to appeal *in forma pauperis* is denied. Plaintiff is ordered to remit to the Clerk of the Court the $455 appellate fee within 14 days of the date of this order. If Plaintiff fails to comply with this order, the Court of Appeals may dismiss his appeal for want of prosecution. Plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds. Nonpayment for any reason other than destitution shall be construed as a voluntary relinquishment of the right to file future suits *in forma pauperis*. *Thurman v. Gramley*, 97 F.3d 185, 188 (7th Cir. 1996). The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another institution. Plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.

  Payment shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action and the docket number assigned to the appeal, which is No. 08-2296.

*[Signature: Marvin E. Aspen]*